```
THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office
DEIRDRE ELIOT (145007)
Assistant United States Attorney
National Security Section
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3599
     Facsimile: (714) 338-3561
     Email: Deirdre.Eliot@usdoj.gov

Attorneys for Plaintiff
United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 09-28-CJC |
| Plaintiff, | <u>STIPULATION TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATES; PROPOSED FINDINGS OF EXCLUDABLE TIME PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| AHMADULLAH SAIS NIAZI,<br>  aka Ahmadullah Khan,<br>  aka Ahmadullah Sais,<br>  aka Ahmadullah Sais Khan,<br>  aka Ahmadullah Khan Sais, | **CURRENT PRETRIAL CONFERENCE DATE: 04/06/09**<br>**PROPOSED PRETRIAL CONFERENCE DATE: 02/08/10** |
| Defendant. | **CURRENT TRIAL DATE: 04/14/09**<br>**PROPOSED TRIAL DATE: 02/23/10** |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Deirdre Eliot, and defendant Ahmadullah Sais Niazi, by and through his counsel of record, Chase Scolnick, Esq., hereby stipulate as follows:

    1.   The Indictment in this matter was made public on February 20, 2009.  Defendant first appeared before a judicial

officer of the court in which the charges in this case were pending on February 20, 2009. The Speedy Trial Act of 1974, 18 U.S.C. § 3161, originally required that the trial commence on or before May 1, 2009.

2. On March 2, 2009, the Court set a trial date of April 14, 2009, at 9:00 a.m. The Court scheduled the pretrial conference in this matter for April 6, 2009, at 9:30 a.m. Defendant is released on bond pending trial.

3. By this stipulation, based on good cause, the parties jointly move to continue the trial date to February 23, 2010, at 9:00 a.m. The parties also jointly move to continue the pretrial conference to February 8, 2010, at 9:30 a.m.

4. The parties agree and stipulate and request that the Court find the following:

    a. Defendant is charged with violations of 18 U.S.C. § 1621 (perjury); 18 U.S.C. § 1425 (procurement of naturalization unlawfully); 18 U.S.C. § 1546 (use of passport procured by fraud); and 18 U.S.C. § 1001 (false statement). Discovery in this matter is significant and involves the production of volumes of computer data seized from defendant's residence pursuant to a search warrant. Furthermore, certain documentary evidence obtained from defendant is written in foreign languages, including Dari and Pashto, and requires translation.

    b. The indictment alleges that defendant concealed associations with Specially Designated Global Terrorists and terrorist organizations, such as al-Qaeda, Hezb-e-Islami Gulbuddin, and the Taliban. These individuals and organizations are based overseas in regions including Afghanistan and Pakistan.

Counsel for defendant represents that the defense investigation of this case will be extensive and may require international travel to these or other regions.

   c. Counsel for defendant is presently scheduled for trial in the following matters:

    i. <u>United States v. Montgomery</u>, No. SA CR 08-827-DOC, set for trial on May 4, 2009;

    ii. <u>United States v. Vargas</u>, No. SA CR 08-1373-JVS, set for trial on July 7, 2009;

    iii. <u>United States v. Razo</u>, No. SA CR 09-21-DOC, set for trial on July 21, 2009;

    iv. <u>United States v. Jalel Ben Abdelkader Ben Nsira</u>, No. SA CR 09-06-CJC, set for trial on August 11, 2009; and

    v. <u>United States v. Brown</u>, No. SA CR 08-40-DOC, set for trial on November 10, 2009.

Accordingly, counsel represents that a continuance of several months is necessary to effectively prepare this case.

   d. In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of this case, conduct and complete additional legal research in connection with possible pretrial motions, review the discovery and evidence in this case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the requested continuance would deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due

1 diligence.

2     e.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

5     f.   The government does not object to the continuance. Based on the foregoing, the parties believe that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the original date prescribed by the Speedy Trial Act.

10     g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of counsel for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

15   5.   For purposes of computing the date under the Speedy Trial Act, 18 U.S.C. § 3161, by which trial must commence, the parties agree that the time period of April 14, 2009, through February 23, 2010, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (a) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (b) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

28   6.   Nothing in this stipulation shall preclude a finding

that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

   IT IS SO STIPULATED.

                              THOMAS P. O'BRIEN
                              United States Attorney


DATE: March 30, 2009              /s/
                              DEIRDRE ELIOT
                              Assistant United States Attorney
                              National Security Section

                              Attorneys for Plaintiff
                              United States of America


   I am Ahmadullah Sais Niazi's attorney. I have carefully discussed every part of this stipulation and the continuance of the pretrial conference and trial dates with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 23, 2010, is an informed and voluntary one.


DATE: March 30, 2009              /s/
                              CHASE SCOLNICK, ESQ.

                              Counsel for Defendant
                              Ahmadullah Sais Niazi

5