GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DENNISE D. WILLETT (Cal. State Bar # 173491)
Assistant United States Attorney
Deputy Chief, National Security Section
    312 North Spring Street, Suite 1300
    Los Angeles, California 90012
    Telephone: (213) 894-6968
    Facsimile: (213) 894-6436
    E-mail:   Dennise.Willett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AHMADULLAH SAIS NIAZI,<br> aka Ahmadullah Khan,<br> aka Ahmadullah Sais,<br> aka Ahmadullah Sais Khan,<br> aka Ahmadullah Khan Sais,<br><br>    Defendant. | No. SA CR 09-28-CJC<br><br>STIPULATION TO CONTINUE PRETRIAL CONFERENCE AND TRIAL DATES; PROPOSED FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT<br><br>Current Pretrial Conference<br>Date:     02-08-2010<br>Proposed Pretrial Conference<br>Date:     08-16-2010<br><br>Current Trial Date:  2-23-2010<br>Proposed Trial Date: 8-31-2010 |

    Plaintiff United States of America, by and through its counsel of record, Dennise D. Willett, and defendant Ahmadullah Sais Niazi, by and through his counsel of record, Chase Scolnick, Esq., hereby stipulate as follows:

    1.   The Indictment in this matter was made public on February 20, 2009.  Defendant first appeared before a judicial officer of the court in which the charges in this case were

pending on February 20, 2009.  The Speedy Trial Act of 1974, 18 U.S.C.§ 3161, originally requested that the trial commence on or before May 1, 2009.

   2.   On March 2, 2009, the Court set a trial date of April 14, 2009 at 9:00 a.m. The Court scheduled the pretrial conference in this matter for April 6, 2009 at 9:30 a.m.  Defendant is released on bond pending trial.

   3.   On April 1, 2009, the Court granted the parties' request to continue the trial until February 23, 2010, and found the period from April 14, 2009 to February 23, 2010, to be excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

   4.   By this stipulation, based on good cause, the parties jointly move to continue the trial date to August 31, 2010, at 9:00 a.m.  The parties also jointly move to continue the pretrial conference to August 16, 2010 at 9:30 a.m.

   5.   The parties agree and stipulate and request that the Court find the following:

      a.   Defendant is charged with violations of 18 U.S.C. § 1621 (perjury); 18 U.S.C. § 1425 (procurement of naturalization unlawfully); 18 U.S.C. § 1546 (use of passport procured by fraud); and 18 U.S.C. § 1001 (false statement). Discovery in this matter is significant and involves the production of computer data seized from defendant's residence pursuant to a search warrant.  The defense recently provided a portable hard drive to the FBI for receipt of the computer data.  The download should be complete and the drive returned to the defense in one to two weeks.  Furthermore, certain documentary evidence obtained from defendant is written in foreign languages, including Dari

and Pashto which requires translation.

   b. The Indictment alleges that defendant concealed associations with Specially Designated Global Terrorists and terrorists organizations, such as al-Qaeda, Hezb-e-Islami Gulbuddin, and the Taliban. These individuals and organizations are based overseas in regions including Afghanistan and Pakistan. Counsel for defendant believes that the defense investigation of this case will be extensive and may require international travel to these and other regions.

   c. In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete and independent investigation of this case, conduct and complete additional legal research in connection with possible pretrial motions, review the discovery and evidence in this case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the requested continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   e. The government does not object to the continuance. Based on the foregoing, the parties believe that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the original date prescribed by the Speedy Trial Act.

1           f.   The requested continuance is not based on
2  congestion of the Court's calendar, lack of diligent preparation
3  on the part of counsel for the government or the defense, or
4  failure on the part of the attorney for the government to obtain
5  available witnesses.
6       6.   For the purposes of computing the date under the Speedy
7  Trial Act, 18 U.S.C. § 3161, by which trial must commence, the
8  parties agree that the time period of February 23, 2010 to August
9  31, 2010, should be excluded pursuant to 18 U.S.C. §§
10 3161(h)(7)(A) and (h)(7)(B)(iv) because the delay results from a
11 continuance granted by the Court at defendant's request, without
12 government objection, on the basis of the Court's finding that
13 (a) the ends of justice served by the continuance outweigh the
14 best interest of the public and defendant in a speedy trial; and
15 (b) failure to grant the continuance would unreasonably deny
16 defendant continuity of counsel and would deny defense counsel
17 the reasonable time necessary for effective preparation, taking
18 into account the exercise of due diligence.
19      7.   Nothing in this stipulation shall preclude a finding
20 that other provisions of the Speedy Trial Act dictate that
21 additional time periods be excluded from the period within which
22 trial must commence.  Moreover, the same provisions and/or other
23 provisions of the Speedy Trial Act may in the future authorize
24 the exclusion of additional time periods from the period within
25 which trial must commence.
26 ///
27 ///
28 ///

1    IT IS SO STIPULATED.

                                    GEORGE S. CARDONA
                                    Acting United States Attorney

Date: September 21, 2009            _____/s/_____
                                    DENNISE D. WILLETT
                                    Assistant United States Attorney
                                    Attorneys for Plaintiff
                                    United States of America


     I am Ahmadullah Sais Niazi's attorney.  I have carefully discussed every part of this stipulation and the continuance of the pretrial conference and trial dates with my client.  I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 31, 2010, is an informed and voluntary one.

Date: September 21, 2009            _____/s/_____
                                    CHASE SCOLNICK, ESQ.
                                    Counsel for Defendant
                                    Ahmadullah Sais Niazi