```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    PATRICK R. FITZGERALD (California Bar Number 135512)
 4  Assistant United States Attorney
    Chief, National Security Section
 5       1300 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-4591
 7       Facsimile: (213) 894-6436
         E-mail: patrick.fitzgerald@usdoj.gov
 8
 9  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
10
```

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

                          SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) No. SA CR 09-28-CJC |
|---|---|
| Plaintiff, | ) |
| | ) GOVERNMENT'S UNOPPOSED |
| v. | ) EX PARTE APPLICATION FOR LEAVE OF |
| | ) THE COURT TO DISMISS INDICTMENT |
| | ) WITHOUT PREJUDICE PURSUANT TO FED. |
| AHMADULLAH SAIS NIAZI, | ) R. CRIM. P. 48(a); DECLARATION OF |
|   aka Ahmadullah Khan, | ) PATRICK R. FITZGERALD |
|   aka Ahmadullah Sais, | ) |
|   aka Ahmadullah Sais Khan, | ) Trial Date:   November 2, 2010 |
|   aka Ahmadullah Khan Sais, | )               9:00 a.m. |
| Defendant. | ) |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby brings this unopposed ex parte application for leave of the Court to dismiss the indictment in this case without prejudice, pursuant to Federal Rule of Criminal Procedure 48(a).  This application is based upon the attached

memorandum of points and authorities and declaration of Patrick R. Fitzgerald, the files and records in this case, and any such additional evidence or argument as may be presented at any hearing on this application.

Dated: September 28, 2010          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
PATRICK R. FITZGERALD
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

In considering whether to grant the government leave to dismiss an indictment without prejudice pursuant to Rule 48(a), the Ninth Circuit has instructed that:

> Separation of power concerns generally require a district court to defer to the government's decision to seek dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. [Citation omitted]. The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.

United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995). See also id. at 461 ("In light of the history and purpose of Rule 48(a), we have . . . required district judges entertaining such requests [for leave to dismiss] to grant considerable deference to the prosecutor"); id. ("the district court's discretion to deny leave is limited"); United States v. Garcia-Valenzuela, 232 F.3d 1003, 1007 (9th Cir. 2000) ("a district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute"); United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988)("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending

prosecution"). This principle holds especially true in cases where, as here, the request for leave to dismiss is uncontested. See Gonzalez, 58 F.3d at 461 ("a district court may deny an uncontested request only 'in extremely limited cases . . . when the prosecutor's actions clearly indicate a betrayal of the public interest'") (quoting United States v. Welborn, 849 F.2d 980, 983 n. 2 (5th Cir. 1988)).

Accordingly, based on Rule 48(a), the applicable case law, and the attached declaration, the government respectfully requests leave to dismiss the pending indictment in this case without prejudice.

<u>DECLARATION OF PATRICK R. FITZGERALD</u>

I, Patrick R. Fitzgerald, do hereby declare:

1. I am an Assistant United States Attorney in the Central District of California. I have supervised the case of <u>United States v. Ahmadullah Sais Niazi</u>, SA CR 09-28-CJC. Defendant is charged in a five-count indictment with making false statements, procurement of naturalization unlawfully, use of a passport obtained by fraud, and perjury, in violation of 18 U.S.C. §§ 1001, 1425, 1546(a), and 1621.

2. Evidentiary issues, including the unavailability of an overseas witness, have arisen since the grand jury returned the indictment in this case, and as a result, the United States now seeks to dismiss the indictment without prejudice in the interest of justice.

3. On September 24, 2010, Assistant United States Attorney Judith Heinz spoke by telephone with defendant's counsel, Guy Iverson. Mr. Iverson informed her that the defendant does not oppose the government's <u>ex parte</u> application to dismiss the indictment in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: September 28, 2010

                                     /s/
                         PATRICK R. FITZGERALD